UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **MANUEL VERDUZCO** | **DOCKET NO. 2:24-cv-00597** |
| **REG. # 43200-424** | **SECTION P** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **WARDEN MARTINEZ** | **MAGISTRATE JUDGE LEBLANC** |

### MEMORANDUM ORDER

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Manuel Verduzco on May 3, 2024. Doc. 1. Verduzco is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Center at Oakdale, Louisiana ("FCIO"). On October 17, 2024, petitioner filed a Motion to Amend the pending petition (doc. 2) and a Motion for Emergency Relief (doc. 3).

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this Court.

### I.
#### BACKGROUND

Verduzco's original petition challenges the decision to deny him a prerelease custody transfer to a Residential Re-entry Center (RRC) or Home Confinement (HC). Doc. 1. In his amended complaint, he alleges that the Bureau of Prisons ("BOP), "without due process or logical explanation," has changed his release date and removed his earned time credits. Doc. 2, p. 2. He seeks emergency relief, asking this Court to order the BOP to immediately restore his original release date. Doc. 3.

## II.
## LAW & ANALYSIS

### A. Screening of Habeas Corpus Petitions

A district court may apply any or all the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts. Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

### B. Exhaustion

A § 2241 petition on behalf of a sentenced prisoner "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). In order to prevail, a § 2241 petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

An initial issue that must be addressed is whether petitioner is required to exhaust administrative remedies. Generally, a federal prisoner must exhaust his administrative remedies before seeking habeas relief in federal court under § 2241. *Skinner v. Wiley*, 355 F.3d 1293, 1295 (11th Cir. 2004), *cert. denied*, 124 S. Ct. 2112 (2004); *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994); *see also Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993). Exceptions to the exhaustion requirement apply only in "extraordinary circumstances" and the petitioner bears the burden of

demonstrating the futility of administrative review. *Fuller*, 11 F.3d at 62; *Gardner v. School Bd. Caddo Parrish*, 958 F.2d 108, 112 (5th Cir. 1992).

The BOP, which administers the prison in which petitioner is incarcerated, has a four-step process for resolving complaints by prisoners. Initially, a prisoner must attempt to informally resolve the complaint with staff. 28 C.F.R. § 542.13(a). If informal attempts are unsuccessful, the prisoner must submit a Request for Administrative Remedy to the Warden. 28 C.F.R. § 542.14. If the prisoner is not satisfied with the Warden's response, he may appeal to the Regional Director. 28 C.F.R. 542.15. If still unsatisfied, the prisoner may appeal to the Office of General Counsel. *Id*.

The Attorney General has vested the BOP with authority to determine issues related to the manner in which sentences are to be carried out, including the calculation of sentence credits. 28 C.F.R. § 0.96. If the BOP miscalculated petitioner's sentence or release date, it has the authority to correct that error and should be permitted to do so. *See Smith v. Thompson*, 937 F.2d 217, 219 (5th Cir. 1991) (agency should be given opportunity to correct its own error before aggrieved party seeks judicial intervention). Further, the fact that petitioner believes his grievances will be denied does not make the remedy futile. *See Adams v. Warden*, 2017 U.S. Dist. LEXIS 124404 at *3 (W.D. La. July 5, 2017).

Before this matter can proceed any further, petitioner must amend to provide proof that he exhausted available remedies regarding ALL CLAIMS presently before this Court, so that the Court may review the BOP's responses to his requests or show why he should be excused from this requirement.

## III.
### CONCLUSION

For this court to determine whether the petition should survive initial review, Verduzco must amend his complaint within the next **30 days** and provide (1) a copy his BP-8 (Informal Complaint), BP-9 (Administrative Remedy Request to the Warden), BP-10 (Administrative Remedy Request to the Regional Director) and BP-11 (Administrative Remedy Request to BOP General Counsel); and (2) a copy of the responses to the BP-8, BP-9, BP-10 and BP-11. If the administrative remedy response indicates that his claim was not properly exhausted, Verduzco must explain why an exception to the exhaustion requirement applies to his case or provide documentation showing that the BOP's conclusion is incorrect. Otherwise, his suit is subject to dismissal for failure to exhaust.

Accordingly,

**IT IS ORDERED** that the petitioners' Motion to Amend (doc. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that because respondent has not yet been directed to answer the petition, petitioner's request for an emergency hearing and immediate release (doc. 3) is **DENIED** as premature. See *Al-Shabazz v. Scarantino*, 2024 U.S. Dist. LEXIS 68525 (E.D. N.C., April 24, 2024).

**IT IS FURTHER ORDERED** that Verduzco amend his complaint within **thirty (30) days** of the filing of this order to prove exhaustion of all claims presently before this Court, as outlined above.

Failure to comply with this order may result in dismissal of the claims above under Rule 4 of the Rules Governing § 2254 Cases, or under Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 82 S. Ct. 1386 (1962). Verduzco is further required to notify the court

of any change in his address under LR 41.3. Failure to do so will result in a recommendation that this action be dismissed without prejudice.

    THUS DONE AND SIGNED in chambers this 6th day of January, 2025.

                                        THOMAS P. LEBLANC
                                  UNITED STATES MAGISTRATE JUDGE